IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK E. SEATON,                                Civ. No. 07-718-AA

        Plaintiff,                          OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.
_____

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR  97308
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

David M. Blume
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Patrick Seaton filed suit under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying his applications for disability insurance benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). The Commissioner's decision is affirmed.

## BACKGROUND

On April 10, 2003 plaintiff filed his application for disability insurance and SSI benefits. Tr. 64-66, 1056-58. After plaintiff's applications were denied initially and on reconsideration, he timely requested an administrative hearing. Tr. 29-33, 38-43. On May 11, 2006, plaintiff, his roommate, a psychological expert, and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 1063-1100. On August 9, 2006, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, because he was able to perform other work existing in significant numbers in the national economy. Tr. 14-25. On April 18, 2007, the Appeals Council denied plaintiff's request for review, rendering the ALJ's ruling the final decision of the Commissioner. Tr. 8-10. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was fifty-two years old with a high school equivalent education and past relevant

work as machine operator and construction worker. Tr. 23-24. Plaintiff alleges disability since August 1, 2001 due to back and leg pain, depression, and anxiety. Tr. 89, 92, 117, 133, 1071.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less

than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 18; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff suffered from "severe" impairments of degenerative joint disease of the lumbar spine, affective disorder, anxiety disorder, personality disorder, and cannabis disorder, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  Tr. 19; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work.  Here, the ALJ found that plaintiff retained the RFC to perform medium work. Tr. 24. Specifically, the ALJ found that plaintiff could lift up to fifty pounds occasionally and twenty-five pounds frequently, that he could stand, walk or sit for six hours in an eight-hour work day, and that he could stoop or crouch occasionally. Tr. 19, 1093. The ALJ also found that plaintiff could not climb ladders, ropes or

4 - OPINION AND ORDER

scaffolds or be exposed to extreme cold and must be able to change positions every 15 to 30 minutes. Tr. 19. Finally, the ALJ found that plaintiff was limited to simple, routine tasks and instructions, no contact with the public, occasional contact with coworkers, and minimal contact with supervisors. Tr. 19-20. Based on these findings, the ALJ found that plaintiff could not perform his past relevant work. Tr. 23-24; 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able plaintiff to perform light and sedentary work as a bench assembler, electronics worker, and general assembler. Tr. 24-25. Therefore, the ALJ found plaintiff not disabled under the meaning of the Act.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ formulated an incomplete RFC and failed to present a hypothetical to the vocational expert (VE) that included all of plaintiff's limitations. Plaintiff further argues that the ALJ improperly found plaintiff's complaints not credible and

5 - OPINION AND ORDER

dismissed his testimony about the severity of his symptoms. Finally, plaintiff contends that the ALJ failed to develop the record regarding his alleged impairments of gout and diabetes.

A.  Hypothetical Posed to VE and RFC Determination

Plaintiff argues that the ALJ's RFC determination and hypothetical posed to the VE failed to include limitations established by the record, and that the ALJ erred in finding that plaintiff could perform the jobs identified by the VE. An ALJ's depiction of a plaintiff's hypothetical disability must be accurate, detailed, and supported by the record. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (noting that the hypothetical must take into account all of plaintiff's functional limitations); Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). However, an ALJ may reject restrictions that are not supported by substantial evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Plaintiff first argues that although the ALJ found in his written decision that plaintiff could lift 50 pounds occasionally and 10 pounds frequently, he did not include the 10-pound restriction in his hypothetical posed to the VE. Tr. 19. Instead, the ALJ asked the VE to consider a claimant who could lift 50 pounds occasionally and 25 pounds frequently. Tr. 1093.

I agree with the Commissioner that the 10-pound restriction in the ALJ's written decision is most likely a typographical error,

6 - OPINION AND ORDER

particularly when the ALJ also found that plaintiff can lift 50 pounds occasionally and perform medium work.  See Defendant's Brief, pp. 11-12; Tr. 19; 20 C.F.R. §§ 404.1567(c), 416.967(c). Plaintiff cites no evidence of record that imposes a 10-pound limit on the weight he may lift frequently; instead, the relevant medical evidence supports the finding that plaintiff can lift 25 pounds frequently.  Tr. 696, 701.  Regardless, the jobs identified by the ALJ are classified as either light or sedentary, the definitions of which do not require lifting more than 10 pounds frequently.  See 20 C.F.R. §§ 404.1567(a),(b), 416.967(a),(b).  Therefore, even if the 10 pound restriction was not a typographical mistake, it was harmless error to omit this restriction from the hypothetical presented to the VE.  Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006).

Second, plaintiff argues that the ALJ's hypothetical and his determination of plaintiff's RFC failed to include limitations found by Dr. Jessop, a non-examining psychologist, and accepted by the ALJ.  Specifically, plaintiff emphasizes that Dr. Jessop opined that plaintiff's work environment must include "clearly defined guidelines, goals, and objectives."  Tr. 23, 728.  Dr. Jessop stated that instructions and requirements of any job would be best presented to plaintiff in "an auditory visual format rather than one that required [plaintiff] to read and understand," and that "[s]ome scheduling flexibility may from time to time be necessary

7 - OPINION AND ORDER

if [plaintiff] is to vent anger." Tr. 728. Plaintiff argues that the ALJ erroneously failed to include any of these limitations in his RFC determination and in the hypothetical presented to the VE. I disagree.

The ALJ's RFC assessment and the hypothetical presented to the VE included the limitations of simple, routine, tasks and instructions, thus addressing plaintiff's need for clear guidelines and goals. Tr. 19. Further, based on the definitions provided by plaintiff, none of the jobs identified require written, as opposed to verbal or visual, instructions or specifications. See Plaintiff's Brief, pp. 12-13. Regardless, Dr. Jessop's statement that plaintiff "may" need "scheduling flexibility from time to time" is hardly an absolute limitation that the ALJ was required to adopt. Plaintiff presents no evidence that the jobs identified by the VE would not allow scheduling flexibility "from time to time." Plaintiff only states, without factual support, that the jobs identified by the VE would not accommodate his scheduling needs. However, the occupational descriptions of those jobs do not support his argument. Id.

Moreover, Dr. Jessop also stated that plaintiff's limitations did not significantly limit his understanding of work activities or his ability to complete a normal workday. Tr. 724-25. Further, Dr. Jessop found that plaintiff was able to perform work at a consistent pace without an unreasonable number of interruptions.

8 - OPINION AND ORDER

Tr. 725. Therefore, I find no error.

Next, plaintiff argues that the ALJ's RFC failed to incorporate plaintiff's complaints of swelling in his hands and feet resulting from gout and diabetes, allegations plaintiff asserts are supported by objective medical evidence.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the claimed symptoms, "the ALJ may reject the claimant's testimony regarding the severity of [] symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1283 (9th Cir. 1996); see also Thomas, 278 F.3d at 958 (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

Here, the ALJ discounted plaintiff's testimony in light of the medical record and reports from plaintiff's treating and examining physicians. Tr. 20. In 2003, an examining physician did not observe swelling in plaintiff's hands or feet. Tr. 320-21. Likewise, treatment records for 2003-2005 make no reference to swelling in plaintiff's extremities. Tr. 878-914, 935-36, 1044-46.

While the medical record indicates that plaintiff had a history of gout in his left big toe, it does not establish that plaintiff experienced gout during the alleged period of disability. Tr. 345, 521-22, 1012. Plaintiff relies on his testimony that his

9 - OPINION AND ORDER

gout occurs approximately twice a year when he eats too much fried food, but this testimony that does not support a continuing limitation on his ability to work. Tr. 1078-79. Further, plaintiff testified that his arterial thrombus condition and his diabetes was controlled with medication, testimony consistent with the medical record. Tr. 572-73, 935-37, 1028, 1079-80. Regardless, the ALJ found that plaintiff could not climb ladders, ropes, or scaffolds, thus accounting for his leg impairments caused by gout or arterial thrombus.

Therefore, I find no error in the ALJ's evaluation of plaintiff's credibility and subjective complaints and the assessment of plaintiff's RFC.

B. Development of the Record

Finally, plaintiff argues that the ALJ failed to develop the record and should have sought a consultive examination with respect to plaintiff's diagnoses of diabetes and gout and his complaints of swelling in his hands and feet.

An ALJ has a duty to fully and fairly develop the record to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen, 80 F.3d at 1288). Here, no evidence in the record suggests that plaintiff's

condition of gout or diabetes caused functional limitations that would interfere with his ability to work. Tr. 345, 1079. Therefore, I find no ambiguity in the record and no legal error.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this <u>2nd</u> day of March, 2008.


<u>/S/ ANN AIKEN</u>
Ann Aiken
United States District Judge

11 - OPINION AND ORDER